**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AYANA SARAN MINGO,**<br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF TREASURY/IRS,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 25-7073** |

**MEMORANDUM**

**HODGE, J.** **November 23, 2026**

## I. INTRODUCTION

*Pro se* Plaintiff Ayana Mingo brings this suit against the U.S. Department of Treasury (the "Treasury Department") and the Internal Revenue Service ("IRS") (together, "Defendants"). Before the Court is Defendants U.S. Department of Treasury and Internal Revenue Service's (together, "Defendants") uncontested[1] Motion to Dismiss Case and to Substitute the United States as Defendant (the "Motion") (ECF No. 22) and Defendants' Notice of Erratum (ECF No. 23). For the following reasons, the Motion is granted.

---

[1] In its September 2, 2026 Order (ECF No. 27), the Court directed *pro se* Plaintiff Ayanna Mingo to respond to Defendant's Motion no later than September 9, 2026. A copy of the Order was mailed to Plaintiff the next day. In the Order, the Court cautioned that "Plaintiff's failure to file a response may result in the Court viewing the Motion as uncontested, consistent with Local Civil Rule 7.1(c)." (*Id.*) Nonetheless, Plaintiff never filed a response to the Motion. As the Court previously noted, the Local Rules of this District permit the Court to grant an uncontested motion to dismiss without an analysis of the merits of the complaint. S*ee* Local Civil Rule 7.1(c); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (noting that an unopposed motion to dismiss may be granted pursuant to local rules where a "party fails to comply with the rule after a specific direction to comply from the court"). While the Court prefers to decide all motions based on their merits, Plaintiff's failure to respond has left the Court with a limited ability to contemplate the issues raised therein.

## II. BACKGROUND

Plaintiff brings this suit against Defendants, asserting that IRS employees failed to follow the IRS Manual and demanding (1) refunds of her "prepaid tax gift and estate tax" as well as of unspecified tax money dating back to 2015, (2) dismissal of owed income tax from 2015, (3) dismissal of a frivolous filing fee from 2022, (4) a refund of $391,281.00, and (5) the return of "all filing from Ptin #P02139710."[2] (ECF No. 6 at 4.) Taken together, Plaintiff's claims seek tax refunds and relief from tax liability and related fees spanning from 2015 to the present. She claims that she has "unified tax credit $13.99 million (*sic*) dollars" but provides no other factual support or tax-related documentation in support of this allegation. (*Id.*) Plaintiff asks the Court to "approve[]" these refunds, "overriding any IRS manager," and she further requests that the Court rescind previously filed Form 1040s "due to fraud." (*Id.*) As attachments to the Amended Complaint, Plaintiff includes one page from Section 4 ("Document Locator Number") of the IRS Manual and five pages from Section 2 ("Tax Returns and Forms"). (*Id.* at 6–11.)[3]

Plaintiff filed her Complaint before this Court on December 12, 2025. (ECF No. 3.) Her Application to Proceed in District Court Without Prepaying Fees or Costs, or Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) was denied for failure to provide "sufficient financial information to allow the Court to determine whether she has the means to pay the fees to commence this case." (ECF No. 5.) Plaintiff filed an Amended Complaint on January 7, 2026.

---

[2] Defendants aptly point out that this fifth claim is "indecipherable." (ECF No. 22-1 at 17.) Since Plaintiff does not strictly enumerate her claims, the Court considers this fifth claim jointly with her requests seeking tax and other filing refunds.

[3] Plaintiff appears to contend that these Sections demonstrate that "the US Department of Treasury is lying/fraud (*sic*) to the American people misclassifying the tax forms" (ECF No. 6 at 3), but it is not clear to the Court how these forms, which merely define specific terms and identify appropriate tax forms, support Plaintiff's factual allegations. Indeed, much of Plaintiff's "allegations" are merely conclusory statements of what she is purportedly "owed" in tax refunds as well as her apparent interpretations of the IRS Manual.

(ECF No. 6.) Shortly thereafter, Plaintiff's Second Motion to Proceed *In Forma Pauperis* (ECF No. 7) was denied on the same basis (ECF No. 8), and she paid the civil case filing fee on February 17, 2026. (ECF No. 9.) Plaintiff filed a premature Motion for Summary Judgment (ECF No. 10) prior to successfully serving Defendants with the Amended Complaint, which the Court denied on August 11, 2026. (ECF No. 24.) After being served with the Amended Complaint on July 7, 2026 (ECF No. 19), Defendants timely filed the present Motion. Despite the Court extending Plaintiff's deadline to respond to the Motion by several weeks (*see* ECF No.27), Plaintiff failed to file a response. Accordingly, the Motion is now ripe for disposition.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Third Circuit has articulated a three-part analysis to determine whether a complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010), which involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must first determine whether the motion makes a facial or factual challenge to the court's

subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge requires the court to consider the allegations in the complaint as true. *Id.* Similarly to a Rule 12(b)(6) motion, the Court must "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* A court reviewing a factual challenge under Rule 12(b)(1) may consider facts outside the pleadings and "independently evaluate the evidence regarding disputes over jurisdictional facts." *Id.*; *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008).

The Court generally considers "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). Relatedly, the Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279–80 (3d Cir. 2018). If attachments to the complaint contradict the allegations in the complaint, then "the exhibits control." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018).

The Court liberally construes the pleadings of a *pro se* litigant, which are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). The Court shall "apply the relevant legal principle even when

the complaint has failed to name it." *Mala v. Crown Bay Marina*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, *pro se* litigants must still allege sufficient facts to state a claim. *Id.* at 245.

## IV. DISCUSSION

Defendants make three main arguments against Plaintiff's claims. First, they contend that the "Court should dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to establish a waiver of sovereign immunity." (ECF No. 22-1 at 10.) Specifically, Defendants argue that Plaintiff has failed to exhaust her administrative remedies and thus has failed to establish a waiver of sovereign immunity. (*Id.* at 11–17.) Second, Defendants assert that the "Court should dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6)" and under Rule 8(a) because Plaintiff has failed to state claims upon which relief may be granted and likewise failed to plead a "short and plain statement" of her claim related to "Ptin #P02139710." Third, Defendants posit that the United States should be substituted into this case as the only proper party Defendant, arguing that a refund suit may only be brought against the United States as the defendant rather than the Treasury Department or the IRS.

The Court agrees that Plaintiff has not exhausted her administrative remedies and therefore has not established a waiver of sovereign immunity. Therefore, the Court does not reach the merits of Defendants' remaining claims, except her claim seeking dismissal of her 2015 tax liability.[4]

---

[4] While the Court does not reach the merits of Defendants' arguments under Rules 12(b)(6) and 8(a), the Court notes that Defendants assert that Plaintiff's claim as to her 2015 tax liability is moot. (ECF No. 22-1 at 18.) Defendants represent that "the IRS reset Plaintiff's 2015 account to zero because the collections statute had expired in June 2026." (*Id.*) The Court finds that, since Plaintiff has no tax liability for 2015, there remains no tax to pay and thus no refund claim to exhaust. Moreover, the Court cannot grant relief for tax liability that does not exist. Therefore, the Court dismisses with prejudice her claim seeking dismissal of owed income tax from 2015.

**A. Waiver of Sovereign Immunity & Administrative Exhaustion**

The United States has only waived it sovereign immunity from lawsuits in specific circumstances prescribed by statute. Under 28 U.S.C. § 1346(a)(1), the United States waives sovereign immunity in "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ," subject to the statutory requirements of 26 U.S.C. §§ 6511(a) and 7422(a). Section 6511(a) sets out limitations on tax credits and refunds, and it states that the statute of limitations for such claims runs from the time that a tax return is filed or from when a tax is paid. Section 7422(a) similarly states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Indeed, the Supreme Court expressly stated:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that ***before doing so, the taxpayer must comply with the tax refund scheme established in the Code.*** That scheme provides that ***a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought***, and establishes strict timeframes for filing such a claim.

*United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (citations omitted) (emphasis added). Under these provisions, the long-standing rule is that a plaintiff must pay their owed tax in full and file a tax refund claim with IRS, within the applicable statutory period, to satisfy exhaustion and obtain a waiver of sovereign immunity. *See Komlo v. United States*, 657 F. App'x 85, 87 (3d Cir. 2016) ("[I]t has been the uniform rule that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court under 28 U.S.C. § 1346." (quoting *Psaty v. United States*, 442 F.2d 1154, 1158 (3d

Cir. 1971))); *see also Flora v. United States*, 357 U.S. 63, 69–70 (1958); *Komlo*, 657 F. App'x at 87 ("This is a jurisdictional rule that has long required the plaintiff to 'pay first and litigate later.'" (quoting *Flora*, 357 U.S. at 62–73, 75)). Sovereign immunity is not waived where a plaintiff has failed to properly exhaust administrative remedies, and, in such cases, the Court lacks subject-matter jurisdiction. *See United States v. Dalm*, 494 U.S. 596, 601–02, 608 (1990).

Here, Defendants clearly articulate—and Plaintiff offers no argument or factual allegations to the contrary—that Plaintiff has either failed to fully pay her tax liabilities, or entirely failed to file tax returns, for each of the years for which she now seeks refunds.[5] (*See* ECF No. 22-1 at 13–17.) Plaintiff has therefore failed to exhaust her administrative remedies, which means she has not established a waiver of sovereign immunity for this tax refund suit. *See Komlo*, 657 F. App'x at 87. Consequently, the Court lacks subject-matter jurisdiction at this juncture to further evaluate the substance of Plaintiff's claims.

## V. CONCLUSION

Accordingly, the Motion is granted, and the Amended Complaint is dismissed without prejudice except as to Plaintiff's claim for dismissal of owed income tax from 2015, which is dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

[5] The Court has been presented with no argument or evidence to dispute the authenticity of Defendants' exhibits to the Motion. Therefore, the Court finds it appropriate to consider these documents since Plaintiff's claims implicitly rely on information about her tax liability and tax returns filed from 2015 to present.