**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AYANA SARAN MINGO,**<br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF TREASURY/IRS,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 25-7073** |

**O R D E R**

**AND NOW**, this 23rd day of November, 2026, upon consideration of Defendants U.S. Department of Treasury and Internal Revenue Service's (together, "Defendants") uncontested[1] Motion to Dismiss Case and to Substitute the United States as Defendant (the "Motion") (ECF No. 22) and Defendants' Notice of Erratum (ECF No. 23), it is **ORDERED** that the Motion is granted. The Amended Complaint (ECF No. 6) is **DISMISSED**. Plaintiff's claim seeking to dismiss any income tax owed for 2015 is **DISMISSED WITH PREJUDICE**. Her remaining claims are **DISMISSED WITHOUT PREJUDICE** pending exhaustion of administrative remedies.[2]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[1] In its September 2, 2026 Order (ECF No. 27), the Court directed *pro se* Plaintiff Ayanna Mingo to respond to Defendant's Motion to Dismiss (ECF No. 22) no later than September 9, 2026, and cautioned that "Plaintiff's failure to file a response may result in the Court viewing the Motion as uncontested, consistent with Local Civil Rule 7.1(c)." (*Id.*) However, Plaintiff never filed a response to the Motion. As the Court previously noted, the Local Rules of this District permit the Court to grant an uncontested motion to dismiss without an analysis of the merits of the complaint. S*ee* Local Civil Rule 7.1(c); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (noting that an unopposed motion to dismiss may be granted pursuant to local rules where a "party fails to comply with the rule after a specific direction to comply from the court").

[2] If Plaintiff repleads and files a Second Amended Complaint, she shall name the United States as the Defendant in place of the U.S. Treasury Department and the Internal Revenue Service, because the United States is the only proper party Defendant in tax refund suits. *See* 26 U.S.C. § 7422(f)(1) ("A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States . . . .").